Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6418 (98 CR 896) | DATE | AUG. 30, 2001 |
| CASE TITLE | UNITED STATES OF AMERICA v. TYRIE BELL, a/k/a Tyrie Johnson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to vacate [1] is summarily denied. The Clerk of the Court is directed to enter judgment in favor of the United States and against defendant denying defendant's motion under 28 U.S.C. § 2255. If defendant wishes to appeal this judgment, he must file a Notice of Appeal to the U.S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th Fl., Chicago, IL 60604, within 60 days of the entry of the judgment in this case. Any notice of appeal should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 04 2001 date docketed | 2 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 01 AUG 31 PM 4:42 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | AUG.30, 2001 date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
　　　　　Plaintiff, )
)
v. ) No. 01 C 6418
) (98 CR 896)
TYRIE BELL, a/k/a Tyrie Johnson, )
)
　　　　　Defendant. )

DOCKETED

SEP 0 4 2001

## MEMORANDUM OPINION AND ORDER

　　　　Shortly before his case was to go to trial, defendant Tyrie Bell pleaded guilty to one count of a four-count indictment. In accordance with a plea agreement, defendant pleaded guilty to one count charging him with knowingly and intentionally distributing approximately 18 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Under the plea agreement, the government agreed to "withdraw the Information providing notice of prior convictions for purpose of the mandatory life imprisonment sentencing provisions of 21 U.S.C. §§ 841(a)(1) and 851(a)." Plea Agreement ¶ 18 (first).[1] The day before defendant was to be sentenced, he filed a pro se motion to withdraw his plea and appoint new counsel. New counsel was appointed, but the motion to withdraw the plea was subsequently

---

[1] There are two paragraphs numbered 18.

denied. See United States v. Bell, 1999 WL 1100924 (N.D. Ill. Dec. 2, 1999). Thereafter, defendant was sentenced based on being a Career Offender with a potential life sentence (see U.S.S.G. § 4B1.1(A)) and without receiving any reduction for acceptance of responsibility (see U.S.S.G. § 3E1.1). The applicable guideline range was determined to be 360 months to life and defendant was sentenced to 360 months' incarceration. Defendant appealed, but the appeal was dismissed as frivolous on the ground that the plea agreement included a waiver of the right to appeal. See United States v. Bell, 234 F.3d 1274, 2000 WL 1206668 (7th Cir. Aug. 22, 2000) (unpublished order).

On August 17, 2001, defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Defendant contends that the two counsel that represented him provided ineffective assistance. The waiver contained in the plea agreement does not waive such claims.[2] However, because the motion is plainly without merit, it will be summarily denied without requiring the government to answer. See Rules Governing § 2255 Proceedings Rule 4(b).

First, defendant contends counsel was ineffective for advising him to agree to an ambiguous plea agreement. The

---

[2]The waiver provides in part: "The defendant also hereby expressly and knowingly waives and gives up any and all rights to attack his guilty plea, conviction, and sentence in any post-conviction proceeding including the filing of a petition under 28 U.S.C. § 2255, § 2241 or any other post-conviction motion or petition, except for petitions brought under 28 U.S.C. § 2255 for ineffective assistance of counsel." Plea Agreement ¶ 13.

agreement is not ambiguous. Paragraph 18 clearly states that the § 851(a) information will only be dismissed as to the mandatory life sentence under § 841(a)(1). It does not state that it will be dismissed as regards the Career Offender enhancement. To the contrary, the plea agreement specifically provides that the government contends that the Career Offender enhancement would be applicable. See Plea Agreement ¶ 7(b). Moreover, notice under § 851 is not required for applying the Career Offender enhancement. Damerville v. United States, 197 F.3d 287, 289 (7th Cir. 1999), cert. denied, 529 U.S. 1136 (2000); United States v. Hernandez, 79 F.3d 584, 588 n.4 (7th Cir. 1996), cert. denied, 520 U.S. 1250, 1251 (1997). Even with the § 851 notice withdrawn in its entirety, the Career Offender enhancement could still apply. Since there was no ambiguity and no possible effect on defendant's sentence, this contention cannot support an ineffective assistance of counsel claim.

Counsel was not ineffective for failing to further press the acceptance of responsibility issue. Defendant attempted to withdraw his plea, including by filing an additional pro se motion just before he was finally sentenced. He also continued to dispute that he distributed crack, instead contending that he distributed cocaine. There is no reasonable probability that a different argument or presentation by counsel would have resulted in defendant receiving a reduction for acceptance of

responsibility. Any ineffective assistance of counsel claim related to acceptance of responsibility is without merit.

Last, defendant contends that counsel was ineffective for failing to challenge one of the prior convictions that supported the Career Offender enhancement. Defendant contends this conviction could not be considered because it was not final until affirmed by the Iowa Supreme Court in October 2000, after he was sentenced on the federal conviction. The pendency of the state court appeal, however, did not preclude consideration of the conviction for Career Offender purposes. See U.S.S.G. § 4A1.2(1); United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir.), cert. denied, 519 U.S. 975 (1996); United States v. Howard, 991 F.2d 195, 200 (5th Cir.), cert. denied, 510 U.S. 949 (1993); Cofske v. United States, 143 F. Supp. 2d 85, 87 (D. Mass. 2001). Since this contention lacks merit, counsel could not have been ineffective for failing to raise it.

Since none of defendant's asserted claims state a colorable basis for relief, defendant's § 2255 motion will be summarily denied.

IT IS THEREFORE ORDERED that, upon review of defendant's motion, the attachments to the motion, and the court's records, defendant's motion to vacate, set aside, or correct sentence is summarily denied. The Clerk of the Court is directed to enter judgment in favor of the United States and against defendant denying defendant's motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct sentence by a person in federal custody. If
defendant wishes to appeal this judgment, he must file a Notice
of Appeal to the United States Court of Appeals for the Seventh
Circuit with the Clerk of the Court, United States District Court
for the Northern District of Illinois, 219 South Dearborn Street,
20th Floor, Chicago, Illinois 60604, within sixty (60) days of
the entry of the judgment in this case. Any notice of appeal
should be accompanied by a request for a certificate of
appealability, including a statement as to why a certificate
should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 20, 2001